TARA K. MCGRATH
United States Attorney
AMANDA L. GRIFFITH
Assistant United States Attorney
California Bar No. 243854
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8970
Email: mandy.griffith@usdoj.gov

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>STEPHEN GREGORY BENNETT,<br>Defendant. | Case No. 14-CR-1418-DMS<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

For the reasons stated below, the United States opposes the motion for early termination of supervised release.

## I.

## STATEMENT OF FACTS

The defendant, Stephen Gregory Bennett, pled guilty to possession of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). Dkt. 18, 20. On November 21, 2014, this Court sentenced Defendant to 48 months in custody following by ten years of supervised release. Dkt. 38, 39.  An amended judgment was filed on February 11, 2015, reflecting Bennett's obligation to pay $8,000 in restitution.[1]  Dkt. 48.

---

[1] It is unclear whether Bennett has satisfied his obligation to pay restitution.  The docket sheet does not reflect any updates to payment of restitution or any outstanding balance owed.  Bennett's motion for early

As detailed in the complaint and the Presentence Report (PSR), Defendant was using a peer-to-peer software sharing program to receive and possess images of minors engaged in sexually explicit conduct. Dkt. 1, 29. During the execution of the search warrant at his home, Bennett agreed to speak with federal agents. Dkt. 29 at 5. In his conversation with the agents on scene, Bennett admitted that he had been actively downloading child pornography from a particular program and had been doing so for several years. *Id.* He acknowledged that his most recent download was about a week before the execution of the search warrant, and that he intended to delete everything he had saved across various devices and discs but forgot to do so. *Id.* at 5-6. Bennett admitted he was sexually aroused by the images and videos he downloaded but denied he had an age preference because he was interested in all of it. *Id.*

Throughout the interview and continuing through sentencing, Bennett offered a variety of reasons for his criminal conduct including the post-traumatic stress disorder he suffered because of his employment and the financial stress of the economic situation in 2008.

At the sentencing hearing, the Court sentenced Bennett to a below-guidelines sentence that was half of the recommendation by the United States. However, this Court did impose a ten-year term of supervised release, which was recommended by the United States and U.S. Probation. Following his custodial sentence, Bennett began supervised release. To his credit, there have been no orders to show cause filed during his term of supervised release. After completing the minimum two-thirds term required by the plea agreement, Bennett now seeks early termination. He cites his performance on supervised release as the basis for early termination. For the reasons stated below, his motion should be denied.

---

termination is silent on the issue of outstanding restitution. If the Court is going to grant the motion for early termination, the United States requests the Court ensure that any outstanding restitution be paid in full before the motion is granted.

## II.

## **POINTS AND AUTHORITIES**

The purpose of supervised release "is to provide rehabilitation and oversight of the offender to deter their return to crime." *Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010).  The decision to terminate supervised release early is up to the court, which "enjoys discretion to consider a wide range of circumstances." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); *see United States v. Pregent,* 190 F.3d 279, 283 (4th Cir.1999). Some of the factors the court may consider are set forth in "section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," which are the same factors to be considered when imposing a sentence.  18 U.S.C. § 3583(e), 18 U.S.C. § 3553(a). "A court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant' and 'interest of justice.'" *Emmett*, 749 at 819; *Pregent,* 190 F.3d at 283. The phrase "the interest of justice" has been determined to "give the district court latitude to consider a broad range of factors in addition to an individual's behavior." *Pregent*, 190 F.3d at 283.

Although one of the purposes of supervised release is to provide rehabilitation, "even 'model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.'" *Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010); *citing United States v. McKay,* 352 F.Supp.2d 359, 361 (E.D.N.Y.2005); *accord United States v. Medina,* 17 F.Supp.2d 245, 247 (S.D.N.Y.1998) (noting that "[w]hile [defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule"); *United States v. Weintraub,* 371 F.Supp.2d 164, 167 (D.Conn.2005) (noting that "[a]lthough [the defendant's] ongoing and full compliance with all conditions of supervised release, including payment of the fine and restitution, is commendable, in the end that is what is required of all criminal defendants and is not a basis for early termination of his supervised release"); *United States v. Caruso,* 241 F.Supp.2d 466, 469 (D.N.J.2003)

(ruling that "mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination").

Here, Bennett argues that his good behavior should warrant early termination of his term of supervised release. However, he is *expected* by this Court to be in compliance with his supervised release conditions.

Bennett's criminal conduct was serious.  By his own admission, he had been involved with downloading and possessed child pornography for years and was sexually aroused by the images and videos he viewed.  Most individuals who are presented with even a description of the images identified in paragraph 16 of the PSR would be morally repulsed by the vision.  Not Bennett.  He was sexually aroused.

The United States does not diminish the psychological conditions Bennett suffered at the time of his criminal conduct; however thousands of individuals suffer from PTSD or the economic stressors of 2008 and did not turn to child pornography to soothe themselves. A generous reading of Bennett's attitude reflects he was cavalier about his possession and viewing of the images and videos of the children who were being victimized.  Though Bennett took steps to make sure he did not share the images and videos he possessed, he was not successful. And notably, his reformation and desire to seek treatment did not begin immediately after the execution of the search warrant, but eight months later following his arrest.  Lastly, Bennett was a fifty-seven year old grandfather at the time of the search warrant and he did not have the moral fortitude to cease his conduct until he was caught.

The only reason cited in his motion for early termination deal is a belief that he no longer needs to be supervised because he has done everything that has been asked of him. Undersigned counsel, who was present at the sentencing hearing, recalls this Court considering the longer term of supervised release because of the lower custodial sentence. This Court determined that ten years of supervised release was warranted in light of the totality of Bennett's criminal conduct and his history and characteristics.  The ability to seek early termination does not provide an entitlement to be released simply because a defendant decides he no longer needs to be supervised.

Bennett has provided no circumstance—unusual, exceptional or otherwise—to warrant termination of his supervised release at this time. The crime for which he was convicted of is very serious.  It is a crime that is committed not out of greed or want of financial gain, but one that was committed out of a way to soothe his psychological stressors and provide sexual arousal.  For several years, Bennett lacked the ability to recognize that possessing images and videos of children engaged in sexually explicit conduct is not only criminal but also immoral. While he has remained in compliance of his conditions, supervisory purposes remain in ensuring Bennett remains complaint. Accordingly, the Court should deny Defendant's request to terminate supervision.

Date: April 28, 2023                    Respectfully submitted,

                                        TARA K. MCGRATH
                                        United States Attorney

                                        */s/ Amanda L. Griffith*
                                        Amanda L. Griffith
                                        Assistant U.S. Attorney